# *NAYDENSKIY LAW GROUP, P.C.*

*1517 Voorhies Ave, 2nd Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224*

June 30, 2017

**BY ECF**

**Honorable Judge William F. Kuntz**
**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

Re:    *Abdurakhmanov v. 7 Ocean Express, Inc., et. al.*
          *17-CV-862 (WFK)(ST)*

## MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Kuntz,

We represent Plaintiff Abdurakhmanov Abdumalik Abduganiyevich ("Plaintiff") in the above-referenced action. The parties jointly write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". The agreement provides payment of twenty-two thousand five hundred dollars and twenty cents ($22,500.20), inclusive of attorneys' fees and costs. For the reasons outlined below, Plaintiff submits that the Court's approval is warranted.

## BACKGROUND

Plaintiff filed a Complaint on February 15, 2017 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay him overtime pay for all hours worked in excess of 40 hours per week, and failing to provide wage notices and accurate wage statements. After Defendants were served, the parties engaged in settlement discussions and agreed to settle Plaintiff's claims (pre-answer).

## CLAIMS AND DEFENSES

Plaintiff alleges he was not paid overtime wages for the times he was required to work in excess of 40 hours per work week. Additionally, Plaintiff alleges Defendants failed to provide him with an initial hiring notice and accurate wage statements as required by NYLL§195.

In order to avoid further litigation, trial, and motion practice, the parties agreed to settle the case.

## SETTLEMENT AMOUNT

Plaintiff, worked from February 20, 2015 until September 4, 2015 and then again from October 14, 2016 until December 22, 2016. He often worked only one or two days in a week.[1] Plaintiff therefore worked a maximum of approximately 38 weeks.  In determining the Offer of Judgment served by the Defendants upon Plaintiff, Defendants gave Plaintiff maximum credit of 512 hours of overtime, 320 at ½ time of $5.00 per hour or $1,600.00, plus 192 hours at $15.00 per hour (as Plaintiff alleged in the Complaint that he worked some overtime hours for which he was not compensated) for a total of  $4,480.00, doubled to $8,960.00, with interest of $806.20 for a total of $9,766.20.  $10,000.00 was then added for the alleged 195.1 and 195.3 violations for the total of $19,766.20.   we then added a negotiated amount toward attorney's fees and reached resolution at $22,500.20 inclusive of attorney's fees.

Thus, a settlement of $22,500.20 compensates Plaintiff approximately 100% of his best case scenario award- is a fair and reasonable settlement conducted at arms-length, through the advice of counsel.

## ATTORNEY FEES

Courts typically approve Plaintiff's attorneys to recover one-third of the settlement amount. *ANTONIO ALONSO, Plaintiff, v. LE BILBOQUET NY, LLC, et al., Defendants.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted).

Accordingly, the settlement agreement provides that Plaintiff's counsel will recover $6,833.40, equaling $500 in costs ($400 filing fee and $100 for process service) deducted from the $22,500.20 settlement amount and approximately 31% of the remainder $22,000.20 which equals $4,818.33. To date Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind to date, with the fee wholly contingent upon the result achieved.

## **THE SETTLEMENT SHOULD BE APPROVED**

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*:

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employers overreaching. In the absence of a certified class, a district court typically considers the

---

[1] /    Plaintiff's ability to determine when he worked and for how long are two factors that may provide a basis for Defendants to assert in their Answer, that Plaintiff was an independent contractor.

following factors to determine whether a settlement of individual FLSA claims is reasonable: ( 1 ) the complexity, expense, and likely duration of litigation ; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment ; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis, J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081 , at *2 (E.D.N.Y. Nov. 21 , 2014) (evaluating and approving a settlement using the above factors as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive Cluh Comp. Litig.,* No. 10 Civ. 1 145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir. 1982) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11 Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *J O (S.D.N.Y. Sept. 30, 2013) (citing *Johnson v. Brennan,* No. 10 Civ. 4712 (CM), 201 1 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 201 1); *Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at *7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co., Inc.,* No. 07 Civ. 8718 (THK), 201 1 WL 6399468, at *2 (S.D.N.Y. July 1 1, 201 1) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement".) (citations omitted); *Hens v. Clientlogic Operating CmlJ.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of lengthy, vigorous arm's length negotiations between experienced counsel).

Based on the above, the proposed settlement, which provides for a payout of $22,500.20 and was the result of hard fought and arm's-length negotiations between experienced counsel, is fair and should be approved. Further litigation will require both parties to invest substantial time and expenses. While Plaintiff believes she will ultimately prevail on his claims, he acknowledges that he faces risks to establish damages. Based on the above, the $22,500.20 settlement falls within the range of reasonableness in light of the best possible recovery and all the risks of litigation , and should be approved. *See, e.g.. Calle,* 2014 WL 6621081, at *3-4

(declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at * I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 201 1 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).


Dated: June 30, 2017                                     Naydenskiy Law Group, P.C.
                                                  _____s/_____
                                                  Gennadiy Naydenskiy
                                                  1517 Voorhies Ave, 2nd Fl.
                                                  Brooklyn, New York 11235
                                                  (718) 808-2224
                                                  naydenskiylaw@gmail.com
                                                  *Attorney for Plaintiff*

# EXHIBIT A

DocuSign Envelope ID: B81A0551-AF89-43F9-AFD9-6D1B743B7F48

## MUTUAL AGREEMENT AND RELEASE

Agreement and Release ("Agreement") by and between Abdurakhmanov Abdumalik Abduganiyevich (known herein as "Releasor") and 7 Ocean Express, Inc., 7 Ocean Express of New York, Inc. and Alexander Bramurov (collectively referred to herein as "Employer").

**WHEREAS,** the parties are desirous of resolving any and all potential disputes between them without admitting any liability, and to avoid incurring further time, expense, or attorneys' fees; and

**WHEREAS,** the terms of this Agreement and Release were fully reviewed by Employer and Releasor; and

**WHEREAS,** Releasor has been and is advised to consult counsel prior to executing the Agreement and Release and represent he has done so; and

**WHEREAS,** all parties have had a sufficient opportunity to consider this Agreement and Release; and

**WHEREAS,** the parties have carefully considered other alternatives to executing this Agreement and Release and have entered into this Agreement and Release knowingly, voluntarily and without coercion;

**NOW, THEREFORE** in consideration of the covenants, releases, representations, obligations and promises contained herein and for other good and valuable consideration, it is mutually agreed as follows:

1.    <u>Payment</u>.    Releasor and Employer, for the good and sufficient consideration set forth below, agree as follows:

In consideration for the parties' execution of this Agreement and Release and the mutual release of any and all claims, for damages, attorneys' fees, costs or expenses, and in

consideration of the parties' compliance with the promises made herein, Employer agrees to pay to Releasor and his counsel, The Naydenskiy Law Group, P.C., the gross amount of Twenty-two thousand five hundred dollars and twenty cents ($22,500.20), payable as follows:

    i.      Within thirty (30) days of execution of this Agreement and Release and the Court's approval of same, Employer will pay Releasor five thousand two hundred twenty-two dollars and eighty cents ($5,222.80). This payment shall be attributable to back wages purportedly owed Releasor and he shall receive an IRS form W-2 reflecting said payment at the appropriate time. Applicable withholdings will be taken from this payment.

    ii.     Simultaneously Employer will pay Releasor ten thousand four hundred forty-four dollars ($10,244.00). [*handwritten: $10444 AB*] This payment shall be attributable to liquidated damages purportedly owed Releasor and he may receive an IRS form 1099 reflecting said payment at the appropriate time. No withholdings will be taken from this payment.

    iii.    Simultaneously therewith Employer will pay The Naydenskiy Law Group, P.C., six thousand eight hundred thirty-three dollars and forty cents ($6,833.40). This payment shall be attributable to attorney's fees and The Naydankskiy Law Group, P.C. may receive an IRS form 1099 reflecting said payment at the appropriate time. No withholdings will be taken from this payment.

    iv.    All funds payable hereunder are to be delivered to The Naydenskiy Law Group, P.C. via overnight delivery.

791299

2

DocuSign Envelope ID: B81A0551-AF89-43F9-AFD9-6D1B743B7F48

      d.      Releasor understands and agrees that he would not receive the monies specified in this Agreement and Release except for his execution of this Agreement and Release and his agreement to fulfill the promises described herein.

2.    <u>Release.</u>

      a.      In return for the consideration described above, Releasor and Employer hereby release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, in their respective capacities as such, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising out of Releasor's employment with Employer and the payment of wages to him, which against each other, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to:

- all Claims arising out of Releasor's employment/attempted employment with Releasee and/or receipt of premises from Releasee, alleging: unlawful detention of property, conversion; breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; negligence; recklessness or otherwise arising under any common law theory or in tort, contract or

quasi-contract, whether in law or equity, concerning wages or loss of property;

- all Claims arising under or concerning: *The Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Article 6 or Sections 190-198 of New York Labor Law, The Lily Ledbetter Fair Pay Act, the Equal Pay Act* and any similar federal law or law of any state or locality; whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards;

- all Claims for: fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

- all Claims arising out of Releasor's employment/attempted employment with Releasee, for: costs, fees or attorneys' fees (other than as provided for above); payment of income and employment taxes, except as to taxes withheld for Releasor's benefit pursuant to paragraph 1 above; and any other Claims arising or accruing up to the date each party hereto signs this Agreement as the result of any cause,

matter or thing, of any kind or nature, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement.

- All Claims, whether known or unknown, against each other from the beginning of time to the effective date the agreement herein, including but not limited to, attorney fees.

b.      Releasors hereby acknowledges that upon receipt of the monies set forth herein he will have been paid in full at a straight time rate for all hours worked up to forty (40) in any one week and time and one half for any and all hours each worked above forty (40) in any one week

3.      <u>Releasors's Representations and Covenants.</u>

a.      Releasor hereby covenants and agrees not to sue, commence, prosecute and/or continue any proceeding or complaint (civil, administrative or criminal), or accept any relief as a member of a class, against Employer in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from his employment with Employer and wages paid thereby. In furtherance of this paragraph, Releasor agrees to discontinue and withdraw any existing or pending proceedings or complaints brought in his own name against Employer, including, but not limited to the action pending in the United States District Court, Eastern District of New York bearing Docket number 17-cv-862, (referred to herein as the "instant proceedings").

b.      Releasor expressly understands and agrees the obligations under this Agreement and Release and tender of the payment described herein are in lieu of any and all

791299                                              5

other amounts to which Releasor might be, is now, or may become entitled to receive from Employer for any harm visited upon him, upon any claim whatsoever concerning the employment relationship and compensation resulting therefrom. Without limiting the generality of the foregoing, Releasor expressly waives any right or claim he may have or assert to employment or reinstatement to employment, or payment for back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, pensions, education benefits, automobile usage benefits, life insurance benefits, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Releasor's employment with Employer.   Similarly, Employer expressly understands and agrees the obligations under this Agreement and Release leave nothing owed to Employer by Employee.

c.     Releasor hereby covenants and agrees not to recover any monetary damages (civil, administrative or criminal), individually or as a member of a class, against Employer in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from his employment with Employer.

d.     Employer and Releasor will not engage in any public disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing of each other regarding any subject matter, including without limitation those that are relevant to the instant proceeding, and settlement thereof.  Further, the above-referenced "non-disparagement" clause only refers to Employer's Senior Management employees and Board of Directors acting in their official capacity.

e.     Releasor agrees that in the event he is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court

DocuSign Envelope ID: B81A0551-AF89-43F9-AFD9-6D1B743B7F48

proceeding or otherwise) which in any way relates to any subject matter relevant to the instant

proceeding and settlement, he will give at least ten (10) days written notice or, if that is not

practical, as much notice as possible, to Employer.  Nothing herein shall obligate Releasor to

refuse to abide by the subpoena after the notice period has expired, unless prohibited by Court

order.

        f.     Releasor acknowledges and represents he is not currently suffering from

any injury or disease including, but not limited to, a stress-related injury or disease caused by or

in any way related to his employment with Employer.

4.    <u>Event of Default</u>    Should Employer fail to make any payment set forth in

paragraph 1 above and fail to cure said default within seven days of notice received by e-mail as

provided below, then Releasors and/or their counsel may re-open the instant proceedings.

Further, the parties agree that the United States District Court, Eastern District of New York may

retain jurisdiction for all purposes.

5.    <u>No Admission</u>.  This Agreement and Release shall not in any way be construed as

an admission by either party hereto that it acted wrongfully with respect to the other or any other

person, or that either party has any rights whatsoever against the other.

6.    <u>Enforceability</u>. If any provision of this Agreement and Release is held to be

illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the

illegality or unenforceability of the provision shall have no effect upon, and shall not impair the

legality or enforceability of, any other provision of this Agreement and Release.

7.    <u>Release Notification and Withdrawal</u>.

Releasor acknowledges it is his choice to waive any potential claims in return for

the benefits set forth herein and said choice was made after careful thought, and after consulting

with his attorneys.

791299                   7

8.  <u>Miscellaneous.</u>

    a.      All notices or other communications provided for or permitted herein shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, or by overnight courier, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by written notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

    i)      If to Releasors:

            Gennady Naydenskiy, Esq.
            The Naydenskiy Law Group, P.C.
            1517 Voorhies Ave. 2nd Floor
            Brooklyn, NY 11235
            (email) Naydenskiylaw@gmail.com

    ii)     If to Employer:

            Richard M. Howard, Esq.
            Meltzer, Lippe, Goldstein & Breitstone, LLP
            190 Willis Avenue
            Mineola, NY  11501
            (e-mail) Rhoward@meltzerlippe.com

    b.      This Agreement and Release contains the entire understanding between the parties hereto concerning the subject matter hereof, and it supersedes any and all prior agreements among the parties with respect to the subject matter hereof, and may not be changed, modified, or altered, nor any of its provisions waived, except by an agreement in writing signed by the parties hereto. A waiver by any party of any of the terms or conditions of this Agreement and Release, or of any breach thereof, on one occasion shall not be deemed a continuing waiver of such term or condition hereof, or of any subsequent breach thereof. All rights and remedies set forth in this Agreement and Release reserved to any party shall be cumulative and shall not

791299                                    8

DocuSign Envelope ID: B81A0551-AF89-43F9-AFD9-6D1B743B7F48

be in limitation of any other right or remedy which such party may have at law, in equity, or otherwise.

c.    Should there be any ambiguity with respect to the interpretation of this Agreement and Release, no inference will be drawn against the drafter of the Agreement and Release in connection with said dispute. This Agreement and Release will be interpreted by the trier of fact without regard to the identity of its drafter.

d.    This Agreement and Release may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement and Release, it shall not be necessary to produce more than one (1) of such counterparts. Any copies, including facsimile transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.

e.    This Agreement and Release shall inure to the benefit of Releasors, and their beneficiaries, heirs and assigns.

f.    This Agreement and Release shall inure to the benefit of Employer, its successors and assigns, including, but not limited to, any corporation, individual, partnership, in their respective capacity as such, or other entity which may acquire all or substantially all of Employer's assets and business or with, or into which Employer may be consolidated or merged.

g.    This Agreement and Release was negotiated with specific reference to the State of New York and shall in all respects be governed by relevant federal law and the laws of the State of New York.

h.    The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement and Release.

791299                                         9

DocuSign Envelope ID: B81A0551-AF88-43F9-AFD9-6D1B743B7F48

i.      The parties shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement and Release and Release.

j.      Except as otherwise expressly referenced herein each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

**THERFORE,** the parties to this Agreement and Release now voluntarily and knowingly execute this Agreement and Release on this ___ day of May, 2017.

Abdurakhmanov Abdumalik Abduganiyevich

DocuSigned by:

EFB5D3E6BBEC418...

**Date:**   6/15/2017

7 Ocean Express, Inc.

By: _____
    Alexander Bramurov

Date:   6/29/2017

7 Ocean Express of New York, Inc.

By: _____
    Alexander Bramurov

Date:   6/29/2017

_____
Alexander Bramurov

Date:   6/29/2017

791299                                          10